IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3140 |
| vs. | TENTATIVE FINDINGS |
| MICHAEL DAVID CASTORENA, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The government has objected to the presentence report. Filing 47.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing, but the government has objected to the presentence report. Filing 47. Specifically, the government objects to the assessment of a 4-level downward adjustment to the total offense level pursuant to U.S.S.G. § 3B1.2(b), based on a finding that the defendant was a minimal participant in the offence. *See* filing 47.

Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish both that he is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is

accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019), *cert. denied sub nom. Llamas-Delgado v. United States*, No. 19-5983, 2019 WL 5150731 (U.S. Oct. 15, 2019). Factors to be considered include the degree to which the defendant understood the scope and structure of the criminal activity, the degree to which he planned or organized the criminal activity, the degree to which he exercised or influenced the exercise of decision-making authority, the nature and extent of his participation, and the degree to which he stood to benefit. § 3B1.2 cmt. n.3(C).

The government concedes that the defendant should receive at least a 2-level adjustment as a minor participant. Filing 47. Accordingly, the Court will determine at sentencing whether a 2-level or 4-level adjustment is appropriate.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of May, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge